IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01763-BNB

CONNIE RAY POWELL,

    Applicant,

v.

DICK SMELSER, Warden, CCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant, Connie Ray Powell, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. On August 19, 2008, Mr. Powell filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee for a habeas corpus action.

On August 26, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 15, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period; that Mr. Powell previously raised his third claim, asserted pursuant to *People v. Curtis*, 681 P.2d 504 (Colo. 1984), in this Court in *Powell v. Embry*, No. 97-cv-00356-WDM-RMB (D. Colo. Mar. 29, 1999), *appeal dismissed*, No. 99-1175 (10th

Cir. Dec. 15, 1999); that he has exhausted his second claim; and that his first, third, and fourth claims are unexhausted and subject to the procedural bar rule. On September 29, 2008, Mr. Powell filed a Reply to the Pre-Answer Response.

The Court must construe liberally the application and the Reply filed by Mr. Powell because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action without prejudice.

As stated earlier, Mr. Powell previously sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254. *See Powell v. Embry*, No. 97-cv-00356-WDM-RMB (D. Colo. Mar. 29, 1999), *appeal dismissed*, No. 99-1175 (10th Cir. Dec. 15, 1999). The habeas corpus application was dismissed with prejudice as procedurally barred and as meritless. Judgment was entered on March 30, 1999. On December 15, 1999, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) denied a certificate of appealability, and dismissed the appeal. In this action, Mr. Powell challenges the validity of the same state court conviction he challenged in No. 07-cv-00356-WDM-RMB. Therefore, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Powell must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive application. Mr. Powell fails to allege whether he has obtained the necessary authorization from the Tenth Circuit. *See* application at 7, ¶ 3. Therefore, the Court must exercise its discretion to determine whether or not it is in the interests of justice to transfer this

action to the Tenth Circuit pursuant to 28 U.S.C. § 1631 or instead to dismiss the unauthorized, successive application without prejudice for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). Where there is no risk that a meritorious successive claim will be lost absent a transfer pursuant to § 1631, this Court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to the Tenth Circuit for authorization. *See Cline* at 1252.

Factors to consider in deciding whether a transfer is in the best interests of justice include (1) whether the claims would be time-barred if filed anew in the proper forum, (2) whether the claims alleged are likely to have merit, and (3) whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked the requisite jurisdiction. *Id.* at 1251. For the reasons discussed below, the instant action will not be transferred to the Tenth Circuit so that Mr. Powell may obtain the necessary authorization for this Court to consider his second or successive application.

Mr. Powell was convicted in 1989 in Eagle County, Colorado, District Court Case No. 89CR112, of first-degree sexual assault, and was sentenced to thirty-four years of imprisonment. On direct appeal, his conviction was reversed and he was granted a new trial for a potential due process violation. He was retried in 1993, and convicted a second time. On June 29, 1995, his second conviction was affirmed on appeal. *See People v. Powell*, 917 P.2d 298 (Colo. App. 1995). On May 28, 1996, the Colorado

Supreme Court denied certiorari review. Respondents do not allege that Mr. Powell appealed to the United States Supreme Court.

On February 21, 1997, Mr. Powell filed his first federal habeas corpus application, which this Court dismissed with prejudice on March 29, 1999. In April 1998, Mr. Powell wrote a letter to the state trial court inquiring abut the source of the hair and semen found on the victim. The trial court appointed counsel, who obtained DNA testing. The test results, dated January 30, 2001, excluded Mr. Powell as the donor of semen on the victim's vaginal swabs and indicated no detectible DNA on the victim's panties.

On March 29, 2001, Mr. Powell filed a motion for a new trial, alleging ineffective assistance of trial counsel and newly discovered evidence. The trial court held an initial hearing, and concluded that it had insufficient evidence to determine the standard of practice in 1993 regarding DNA evidence in order to determine the ineffective-assistance-of-counsel claim. A little over two years later, the hearing resumed when the defense obtained a California DNA expert who testified that DNA had been available in 1993, and expressed his opinion that Mr. Powell's trial counsel had been ineffective for failing to order such testing. However, the trial court denied Mr. Powell's motion. On appeal, the Colorado Court of Appeals affirmed. *See People v. Powell*, No. 04CA0658 (Colo. Ct. App. Feb. 15, 2007) (not selected for publication). On August 13, 2007, the Colorado Supreme Court denied certiorari review. On August 12, 2008, Mr. Powell tendered the instant habeas corpus application.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Assuming that Mr. Powell did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he nonetheless had ninety days after the Colorado Supreme Court denied his certiorari petition on May 28, 1996, to do so. *See* Sup. Ct. R. 13. Therefore, his conviction became final on August 26, 1996, when the

time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Powell does not allege that unconstitutional state action prevented him from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he could have discovered the factual predicate for his claims challenging the validity of his conviction at the time his direct appeal became final on August 26, 1996. The fact that he did not begin to question his ability to wage a collateral attack on his conviction until April 1998 does not mean that the factual predicate for his claims was not available when his direct appeal became final. Therefore, it appears that the one-year limitation period began to run on August 26, 1996.

Mr. Powell had until August 26, 1997, to file a habeas corpus application in this Court, absent a reason to toll the one-year limitation period during the pendency of a properly filed motion for postconviction relief. The first federal habeas application he filed in this Court on February 21, 1997, does not qualify as a motion for postconviction relief pursuant to 28 U.S.C. § 2244(d)(2) and, therefore, did not toll the running of the one-year limitation period in the instant action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding than an application for federal habeas review does not statutorily toll the limitations period under § 2244(d)(2)).

Mr. Powell waited until March 29, 2001, to file a motion for new trial. By that time, the one-year limitations period already had expired. Even assuming that the

claims he asserts in the instant action are based factually on the January 30, 2001, DNA report; that the factual predicate for those claims could not have been discovered earlier through the exercise of due diligence; and that the one-year period began to run on that date, the instant application still is barred by the one-year limitation period.

A period of 57 days passed from January 30, 2001, until March 29, 2001, when Mr. Powell filed his motion for a new trial. His postconviction proceedings remained pending until August 13, 2007, during which time the Colorado Court of Appeals affirmed the trial court's denial and the Colorado Supreme Court denied certiorari review. Mr. Powell then waited 365 days until August 12, 2008, to submit the instant habeas corpus application to this Court for filing. As a result, the Court finds that a total of 422 days count against the one-year limitation period, and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Powell bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Powell fails to allege any facts that might justify equitable tolling of the one-year limitation period. The Court finds that Mr. Powell fails to demonstrate that equitable tolling is appropriate, and that the instant application is time-barred. Therefore, in the interests of justice, the instant unauthorized, successive application will not be transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631 but instead will be dismissed without prejudice for lack of jurisdiction. Because the Court will dismiss the action for lack of jurisdiction, the Court need not address Respondents' remaining arguments for dismissal. Accordingly, it is

ORDERED that the instant unauthorized, successive application is denied and the action is dismissed without prejudice for lack of jurisdiction. It is

FURTHER ORDERED that the motion for extension of time that Applicant, Connie Ray Powell, filed on August 19, 2008, is denied as moot.

DATED at Denver, Colorado, this 20 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01763-BNB

Connie Ray Powell
Prisoner No. 63769
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/21/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk